| | |
|---|---|
| 1 | CLEMENT SETH ROBERTS (SBN 209203) |
| | croberts@orrick.com |
| 2 | KAREN G. JOHNSON-MCKEWAN (SBN 121570) |
| | kjohnson-mckewan@orrick.com |
| 3 | NATHAN SHAFFER (SBN 282015) |
| | nshaffer@orrick.com |
| 4 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | The Orrick Building |
| 5 | 405 Howard Street |
| | San Francisco, CA  94105-2669 |
| 6 | Telephone:    +1 415 773 5700 |
| | Facsimile:    +1 415 773 5759 |
| 7 | |
| | ROBERT L. URIARTE (SBN 258274) |
| 8 | ruriarte@orrick.com |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 9 | 1000 Marsh Road |
| | MENLO PARK, CA 94021 |
| 10 | Telephone:  +1 650 614 7400 |
| | Facsimile:  +1 650 614 7401 |
| 11 | |
| | *Attorneys for Defendant* |
| 12 | *RingCentral, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 16 | ZOOM VIDEO COMMUNICATIONS, INC., | Case No. 4:21-cv-01727-DMR |
| 17 | Plaintiff, | **DECLARATION OF TIFFANY WAN IN SUPPORT OF RINGCENTRAL'S ADMINISTRATIVE MOTION TO SEAL** |
| 18 | v. | |
| 19 | RINGCENTRAL, INC., | |
| 20 | Defendant. | |
| 21 | | |
| 22 | RINGCENTRAL, INC., | |
| 23 | Counterclaimant, | |
| 24 | v. | |
| 25 | ZOOM VIDEO COMMUNICATIONS, INC. | |
| 26 | Counterdefendant. | |

WAN DECL.
4:21-CV-01727-DMR

I, Tiffany Wan, declare and state as follows:

1. I am an attorney employed by RingCentral, Inc. ("RingCentral"). My current title is Intellectual Property Counsel. I am familiar with RingCentral's policies and business practices, including what information RingCentral considers confidential and does not disclose to the public.

2. I submit this declaration pursuant to Civil Local Rule 79-5 in connection with c (the "Motion"). I have personal knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

3. I have reviewed RingCentral's Motion and supporting materials, including the exhibits reflecting the information RingCentral seeks to seal.

4. RingCentral's licensing and pricing negotiations with other parties is considered commercially sensitive and is treated as confidential within RingCentral. Specific pricing, royalty, deal terms, and revenue information is not disclosed publicly and RingCentral and restricts knowledge of this information within RingCentral to a subset of persons who need this information for their business operations.

5. Disclosure of such information to the public and to RingCentral's competitors would harm RingCentral. This harm may include, among other things, an adverse impact on RingCentral's ability to negotiate licenses for its products because other RingCentral partners may use such information as leverage against RingCentral during negotiations. RingCentral's competitors could use this information to undercut RingCentral's pricing or deal terms and obtain an unfair competitive advantage.

6. Ringcentral, Inc.'s Ex Parte Motion For (1) Temporary Restraining Order and (2) Order To Show Cause Re Preliminary Injunction; Memorandum Of Points And Authorities In Support Thereof contains a confidential deal term consisting of the termination date of the SAA between Zoom and RingCentral. RingCentral considers the date to be a proprietary deal term that, if publicly known, its competitors and vendors could use to gain an unfair advantage or use against RingCentral in negotiations. The date, or information from which the date can be derived is in the following portions of the document:

1  • The highlighted text at:
2      ○ page 1, lines 11, 21;
3      ○ page 2, line 19;
4      ○ page 3, lines 23–29;
5      ○ page 4, lines 1–5, 10;
6      ○ page 5, lines 2–3;
7      ○ page 6, line 19;
8      ○ page 9, line 5;
9      ○ page 10, lines 3–6;
10     ○ page 11, lines 10, 18–19.

11  7.  The Makagon Declaration includes the termination date for the SAA, which
12 RingCentral considers to be a confidential and proprietary deal term that does not disclose
13 publicly.  The date is the last date that appears in paragraph 11 at page 4, line 28–page 5, line 1.

14  8.  Exhibit 1 to the Makagon Declaration consists of the contract between RingCentral
15 and Zoom and its nine amendments (the "SAA").  The unredacted copy of the SAA includes
16 financially sensitive information including licensing terms and pricing terms that RingCentral
17 considers to be proprietary and confidential as follows:

18  • The highlighted text on page 10
19  • The highlighted text on page 13
20  • The highlighted text on page 20
21  • The highlighted text on page 21
22  • The highlighted text on page 22
23  • The highlighted text on page 31
24  • The highlighted text on page 32
25  • The highlighted text on page 33
26  • The highlighted text on page 34
27  • The highlighted text on page 37
28  • The highlighted text on page 38

1  • The highlighted text on page 39
2  • The highlighted text on page 40
3  • The highlighted text on page 41
4  • The highlighted text on page 48
5  • The highlighted text on page 49
6  • The highlighted text on page 60
7  • The highlighted text on page 61
8  • The highlighted text on page 63
9  • The highlighted text on page 64
10  • The highlighted text on page 65
11  • The highlighted text on page 66
12  • The highlighted text on page 67
13  • The highlighted text on page 68
14  • The highlighted text on page 69
15  • The highlighted text on page 76
16  • The highlighted text on page 77
17  • The highlighted text on page 78
18  • The highlighted text on page 79
19  • The highlighted text on page 81
20  • The highlighted text on page 85
21  • The highlighted text on page 86
22  • The highlighted text on page 87
23  • The highlighted text on page 88
24  • The highlighted text on page 96
25  • The highlighted text on page 97

26   9.   RingCentral's Counterclaims Against Zoom Video Communications, Inc. reflects
27 licensing terms from the SAA that RingCentral considers to be proprietary and confidential as
28 follows:

1 • The highlighted text in ¶ 8
2 • The highlighted text in ¶ 12
3 • The highlighted text in ¶ 16
4 • The highlighted text in ¶ 17
5 • The highlighted text in ¶ 27
6 • The highlighted text in ¶ 30
7 • The highlighted text in ¶ 41
8 • The highlighted text in ¶ 46.

10 //
11 //

1     I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 15th day of March, 2021, at Hayward, California.

*Tiffany Wan*
_____
Tiffany Wan