1  CLEMENT SETH ROBERTS (SBN 209203)
   croberts@orrick.com
2  KAREN G. JOHNSON-MCKEWAN (SBN 121570)
   kjohnson-mckewan@orrick.com
3  NATHAN SHAFFER (SBN 282015)
   nshaffer@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105-2669
6  Telephone:   +1 415 773 5700
   Facsimile:   +1 415 773 5759
7
   ROBERT L. URIARTE (SBN 258274)
8  ruriarte@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  1000 Marsh Road
   MENLO PARK, CA 94021
10 Telephone: +1 650 614 7400
   Facsimile: +1 650 614 7401
11

12 *Attorneys for Defendant
   RingCentral, Inc.*

13
14                     UNITED STATES DISTRICT COURT

                       NORTHERN DISTRICT OF CALIFORNIA
15

| | |
|---|---|
| ZOOM VIDEO COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RINGCENTRAL, INC.,<br><br>Defendant. | Case No. 4:21-cv-01727-DMR<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| RINGCENTRAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>ZOOM VIDEO COMMUNICATIONS, INC.<br><br>Counterdefendant. | Date:    March 17, 2021<br>Time:    10:00 a.m.<br>Dept:    4<br>Judge:   Donna M. Ryu<br>Date Action Filed: 03/11/2021 |

1   Presently before the Court is RingCentral, Inc.'s notice of motion and motion for entry of
2   a temporary restraining order and order to show cause as to why a preliminary injunction should
3   not issue (the "Motion") against Zoom Video Communications, Inc. ("Zoom"). Having
4   considered the Motion, the opposition thereto, and having heard the oral argument of counsel, the
5   Court hereby orders as follows:

6   RingCentral's Motion is **GRANTED**. The Court finds that RingCentral is likely to
7   succeed on the merits of its declaratory relief claim that the Strategic Alliance Agreement
8   ("SAA") it entered into with Zoom has not been terminated, and, accordingly, the SAA precludes
9   Zoom from imposing technical measures to block RingCentral's and its customers access to
10  services to which they are entitled under the SAA. First, it is proper for a temporary restraining
11  order or injunction to issue on a claim for declaratory relief. *T'Bear v. Forman*, 2020 U.S. Dist.
12  LEXIS 24544, at *66 (N.D. Cal. Feb. 12, 2020) ("A declaratory judgment can be used as a
13  predicate to further relief, including an injunction.") (internal quotations omitted, *citing Powell v.
14  McCormack*, 395 U.S. 486, 499 (1969)). Second, the SAA provides that Zoom is required to
15  allow RingCentral's customers to access services as provided in the SAA, and RingCentral is
16  permitted to continue to sell such services to new customers until the SAA is finally terminated.
17  The SAA by its terms remains in force and effect.

18  RingCentral establishes a risk of irreparable harm in the form of loss of customers,
19  goodwill, and market share that will occur if Zoom is permitted to block access to services
20  provided for in the SAA. *See, e.g., Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*,
21  240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or
22  goodwill certainly supports a finding of the possibility of irreparable harm."); *Rent-A-Center, Inc.
23  v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (same).

24  The balance of equities weights in RingCentral's favor because an injunction requiring
25  Zoom to comply with its contractual obligations will not harm Zoom, whereas RingCentral has
26  shown it will suffer substantial harm. *See, e.g., Dodocase VR, Inc. v. MerchSource, LLC,* 2018
27  U.S. Dist. LEXIS 48654, at *38 (N.D. Cal. Mar. 23, 2018) ("Defendants should not be heard to
28  argue that the enforcement of the contract into which it freely entered would cause hardship."

[PROPOSED] TRO AND ORDER TO SHOW
CAUSE RE PRELIM. INJUNC.
4:21-CV-01727-DMR

1  (quotation marks omitted)).

2  The public also has an interest in enforcing contractual agreements.  *E.g., Epic Games v. Apple Inc.*, 2020 U.S. Dist. LEXIS 188668, at *62 (N.D. Cal. Oct. 9, 2020) ("The public "has a strong interest in holding private parties to their agreements." (citing *S. Glazer's Distrib. of Ohio, LLC v. Great Lakes Brewing Co.,* 860 F.3d 844, 853 (6th Cir. 2017))).

6  The Court further finds that unless a temporary restraining order is granted, irreparable harm will result to RingCentral before the matter can be heard on a noticed motion because if Zoom blocks access to SAA services, RingCentral will suffer harm to relationships and loss of goodwill.  *See S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co*., 860 F.3d 844, 853 (6th Cir. 2017) ("When a distributor loses a unique product…it threatens their relationship with the retailers that have come to rely on the distributor for the in-demand product…This loss of customer goodwill is a prime example of intangible, irreparable harm") (citation omitted)). Likewise, RingCentral has shown that it will lose prospective customers.  *Stuhlbarg Int'l Sales*, 240 F.3d at 841.

15  The Court further finds that this action is a proper case for granting an order to show cause regarding issuance of the preliminary injunction.

17  THEREFORE, and with good cause shown, **IT IS HEREBY ORDERED** that Zoom, its representatives, officers, agents, directors, affiliates, servants, employees, and all persons acting in concert or participation with it, including employees and independent contractors, are enjoined from blocking activation of RingCentral customers, including (i) technological steps blocking the provisioning API calls from RingCentral or Customers to Zoom;  (ii) technological steps blocking API calls to Zoom's servers for provisioning test accounts from RingCentral or from Customers; and (iii) any other technological steps designed to block, impair, or impede RingCentral or any customer from accessing the service under the SAA.

25  **IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(b), Zoom shall appear before this Court on _____, 2021, at _____ a.m./p.m. to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on RingCentral's claims against Zoom, enjoining Zoom, its representatives and

1 persons who are in active concert with it, including employees and contractors, from the conduct
2 temporarily restrained by the preceding provisions of this Order.

4 **IT IS SO ORDERED.**

6 Dated: _____

7 _____
DONNA M. RYU
8 UNITED STATES MAGISTRATE JUDGE