# EXHIBIT 6

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED



Jeff True
General Counsel
Zoom Video Communications, Inc.
5 Almaden Boulevard, 6th Floor
San Jose, CA 95113

December 21, 2020

Re: Department of Justice Complaint Regarding Unauthorized Access to Zoom User Data

Dear Mr. True:

We write regarding the complaint and search warrant unsealed late last week in the case styled *United States of America v. Xinjiang Jin aka Julien Jin*, U.S. District Court for the Eastern District of New York, Case No.: 20-MJ-1103 ("Jin Action"). ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ RingCentral also requests information regarding any additional law enforcement actions related to the issues presented in the Jin Action, as it is harmful to RingCentral to learn about these issues from the press.

**The Jin Action and Zoom's Contractual Obligations to RingCentral**

We understand from the public pleadings in the Jin Action that Zoom has agreed to proactively monitor communications for content that included the expression of political views unacceptable to the Peoples Republic of China ("PRC") government. Jin Compl. ¶ 23. We also understand that Zoom pledged to migrate the data storage of the accounts of approximately one million "Chinese users" from the United States to the PRC and to provide PRC law enforcement and national security authorities with special access to Zoom's systems. *Id*. ████████████



The foregoing provisions of the SAA and DPA are not the only contractual provisions that Zoom may have breached. For example, we understand that the PRC government directed Zoom to develop the capability to respond to a PRC government demand to terminate an "illegal" meeting, account or recording within one minute. Jin Compl. ¶ 30. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████████████████
[2] "Required by law" excludes unlawful request from government entities.
[3] https://blog.zoom.us/our-perspective-on-the-doj-complaint/ (discussing receipt of subpoenas in June and July 2020).

**Demand for Information and Next Steps**

Preliminarily, RingCentral asks Zoom to certify in writing by no later than <u>12:00 pm PST on Tuesday, December 22, 2020</u> that no RingCentral Data has been accessed in a known or suspected security breach or otherwise without authorization, or intentionally distributed by Jin or other Zoom personnel to the People's Republic of China, or any unauthorized third party.  If Zoom does not so certify, RingCentral will take that as confirmation that Zoom lacks the internal controls necessary to promptly investigate and report security issues and has not yet conducted a reasonable and diligent investigation as required by the SAA and DPA.



This letter is an attempt to amicably obtain information as soon as possible so that RingCentral can respond to customer inquiries and assess what remedial efforts, if any, need to be undertaken by Zoom with respect to RingCentral and RingCentral Data.

This letter is not intended to be a full exposition of RingCentral's rights, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or of potential claims against Zoom.   If a telephone call would be helpful, I am happy to arrange one with you.

Sincerely,

John Marlow
Chief Administrative Officer
General Counsel

CC: Eric Yuan (eric.yuan@zoom.us)