CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

ROBERT L. URIARTE (SBN 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
MENLO PARK, CA 94021
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

*Attorneys for Defendant*
*RingCentral, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOOM VIDEO COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RINGCENTRAL, INC., <br><br> Defendant. <br><br> RINGCENTRAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br> ZOOM VIDEO COMMUNICATIONS, INC. <br><br> Counterdefendant. | Case No. 4:21-cv-01727-DMR <br><br> **DECLARATION OF TIFFANY WAN RE ZOOM'S ADMINISTRATIVE MOTION TO SEAL (ECF NO. 5)** |

I, Tiffany Wan, declare and state as follows:

1. I am an attorney employed by RingCentral, Inc. ("RingCentral"). My current title is Intellectual Property Counsel. I am familiar with RingCentral's policies and business practices, including what information RingCentral considers confidential and does not disclose to the public.

2. I submit this declaration pursuant to Civil Local Rule 79-5(e) in connection with Zoom's Administrative Motion to File Portions of the Complaint and Exhibit A (the "Administrative Motion"). I have personal knowledge of the facts set forth herein, except where indicated on information and belief, and if called upon as a witness, I could testify to them competently under oath.

3. RingCentral's licensing and pricing negotiations with other parties is considered commercially sensitive and is treated as confidential within RingCentral. Specific pricing, royalty, deal terms, and revenue information is not disclosed publicly and RingCentral and restricts knowledge of this information within RingCentral to a subset of persons who need this information for their business operations.

4. Disclosure of such information to the public and to RingCentral's competitors would harm RingCentral. This harm may include, among other things, an adverse impact on RingCentral's ability to negotiate licenses for its products because other RingCentral partners may use such information as leverage against RingCentral during negotiations. RingCentral's competitors could use this information to undercut RingCentral's pricing or deal terms and obtain an unfair competitive advantage.

5. I have reviewed the Administrative Motion and supporting materials, including the exhibits reflecting the information RingCentral seeks to maintain under seal, as reflected in this declaration in the following paragraphs. I am informed and believe, consistent with Zoom's Certificate of Service (ECF No. 9), that RingCentral and its counsel first received notice of the Administrative Motion on March 12, 2021, making the deadline to file a supporting declaration March 16, 2021, pursuant to Local Rule 79-5(e).

6. Zoom's Complaint contains a confidential deal term consisting of the termination date of the SAA between Zoom and RingCentral. RingCentral considers the date to be a proprietary deal term that, if publicly known, its competitors and vendors could use to gain an unfair advantage or use against RingCentral in negotiations. The date, or information from which the date can be derived, is in the following portions of the document:

- The time periods on Page 1, lines 12, 24
- The time period on Page 6, line 14
- The time period on Page 7, line 6

Attached as Exhibit 1 to this Declaration is a true and correct copy of Zoom's Complaint with RingCentral's proposed redactions highlighted. Attached as Exhibit 2 to this Declaration is a true and correct copy of Zoom's Complaint with RingCentral's proposed redactions implemented.

7. Exhibit A to Zoom's Complaint consists of the contract between RingCentral and Zoom and its nine amendments (the "SAA"). The unredacted copy of the SAA includes financially sensitive information including licensing terms and pricing terms that RingCentral considers to be proprietary and confidential as follows (page numbers refer to the page number of the PDF file, not the numbers on each page which are not sequential):

- The highlighted text on page 12
- The highlighted text on page 15
- The highlighted text on page 21
- The highlighted text on page 2
- The highlighted text on page 23
- The highlighted text on page 32
- The highlighted text on page 33
- The highlighted text on page 34
- The highlighted text on page 35
- The highlighted text on page 38
- The highlighted text on page 39
- The highlighted text on page 41

1. - The highlighted text on page 42
2. - The highlighted text on page 43
3. - The highlighted text on page 44
4. - The highlighted text on page 45
5. - The highlighted text on page 46
6. - The highlighted text on page 47
7. - The highlighted text on page 55
8. - The highlighted text on page 56
9. - The highlighted text on page 57
10. - The highlighted text on page 58

Attached as Exhibit 3 to this Declaration is a true and correct copy of Exhibit A to Zoom's Complaint with RingCentral's proposed redactions highlighted.  Attached as Exhibit 4 to this Declaration is a true and correct copy of Exhibit A to Zoom's Complaint with RingCentral's proposed redactions implemented.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 16th day of March, 2021, at Hayward, California.

*Tiffany Wan*
_____
Tiffany Wan