UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZOOM VIDEO COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RINGCENTRAL, INC.,<br><br>Defendant. | Case No. 5:21-cv-01727-EJD<br><br>**ORDER TO SHOW CAUSE WHY ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL SHOULD NOT BE DENIED AND WHY ORDER GRANTING TRO SHOULD NOT BE FILED IN THE PUBLIC RECORD**<br><br>Re: Dkt. Nos. 5, 13 |

Plaintiff Zoom Video Communications, Inc. ("Zoom") moved to seal portions of its Complaint as well as Exhibit A to the Complaint. *See* Dkt No. 5. RingCentral, Inc. ("RingCentral") moved to seal portions of its Counterclaims, Motion for Temporary Restraining Order, and other documents supporting that motion. *See* Dkt. No. 13. In an Order filed provisionally under seal, the Court has now granted RingCentral's underlying Motion for Temporary Restraining Order.

In civil action in federal court, a party must show "compelling reasons" to file a document under seal in connection with a motion "more than tangentially related to the merits," which includes motions for preliminary injunctive relief. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1102 (9th Cir. 2016). Requests to file under seal "must be narrowly tailored to seek sealing only of sealable material," which often requires redactions rather than sealing of documents in their entirety. *See* Civ. L.R. 79-5(b).

While the Court appreciates efforts made in identifying only discrete sections of certain documents at issue for sealing, the parties are seeking to seal a document submitted by both sides

in its entirety. *See* Dkt. 13 at 2. The Court therefore concludes that the parties have not "narrowly tailored" their requests, as required by Local Rule 79-5(b), to only seek redaction of material where compelling reasons require sealing. The parties are ORDERED TO SHOW CAUSE why all of the pending motions to seal should not be denied, by filing a renewed consolidated request no later than **March 23, 2021** identifying narrower portions of the documents at issue that must be redacted. In particular, the parties should identify narrower portions of the parties' common document—Zoom Exhibit A and RingCentral Exhibit 1.

In an abundance of caution, because the Court's March 17, 2021 Order granting the underlying motion references material that the parties moved to seal, the Court has filed that Order provisionally under seal. If the parties believe compelling reasons support maintaining any portion of that Order under seal, the parties may propose redactions to the Order by the same deadline.

**IT IS SO ORDERED.**

Dated: March 17, 2021

EDWARD J. DAVILA
United States District Judge