1  Douglas E. Lumish (CA 183863)
   doug.lumish@lw.com
2  Matthew Rawlinson (CA 231890)
   matt.rawlinson@lw.com
3  Arman Zahoory (CA 306421)
   arman.zahoory@lw.com
4  **LATHAM & WATKINS LLP**
   140 Scott Drive
5  Menlo Park, California 94025
   Telephone: 650-328-4600
6  Facsimile: 650-463-2600

7  Jennifer Barry (CA 228066)
   jennifer.barry@lw.com
8  **LATHAM & WATKINS LLP**
   12670 High Bluff Drive
9  San Diego, CA 92130
   Telephone: 858-523-5400
10 Facsimile: 858-523-5450

11 *Attorneys for*
   *Zoom Video Communications, Inc.*
12

13
14                    **UNITED STATES DISTRICT COURT**
15                    **NORTHERN DISTRICT OF CALIFORNIA**
16                              **SAN JOSE DIVISION**

17 | ZOOM VIDEO COMMUNICATIONS, INC., | CASE NO. 5:21-cv-1727-EJD |
|---|---|
18 | Plaintiff, | **PLAINTIFF ZOOM VIDEO COMMUNICATIONS, INC.'S ANSWER TO DEFENDANT RINGCENTRAL, INC.'S COUNTERCLAIMS** |
19 | vs. | |
20 | RINGCENTRAL, INC., | |
21 | Defendant. | **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |
22 | RINGCENTRAL, INC., | |
23 | Counterclaimant, | |
24 | vs. | |
25 | ZOOM VIDEO COMMUNICATIONS, INC., | |
26 | Counterdefendant. | |

27
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

# ANSWER TO RINGCENTRAL, INC.'S COUNTERCLAIMS AGAINST ZOOM VIDEO COMMUNICATIONS, INC.

Plaintiff/Counterdefendant, Zoom Video Communications, Inc. ("Zoom"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses (the "Answer") to the operative counterclaims and allegations made by Defendant/Counterclaimant RingCentral, Inc., ("RingCentral" or "Defendant") in its Counterclaims Against Zoom Video Communications, Inc. (Dkt. No. 11) (the "Counterclaims").

After nearly a decade of relying on Zoom's best-in-class video conferencing services to grow its own business, the parties' partnership is winding down, and RingCentral is contractually required to transition its customers to an alternative to the Zoom Service. Afraid of having to compete fairly against Zoom, and aware that its alternative video-conferencing product is not up to the challenge, RingCentral has relied on an untenable and anti-competitive interpretation of the parties' Strategic Alliance Agreement (the "SAA") to improperly obtain customers and to embark on a campaign of misinformation designed to confuse and mislead customers, investors, and the public at large. By misconstruing the terms of the SAA, and despite knowing that its license to sell the Zoom Service has expired, RingCentral attempts to use the Zoom Service to lock customers into multi-year contracts in a transparent bait-and-switch, all while telling Zoom it is prohibited from telling the public the truth. Zoom filed its Complaint on March 11, 2021 to stop RingCentral's trademark infringement and breach of the SAA and to clarify the parties' rights and obligations. Dkt. No. 1. In response, RingCentral filed Counterclaims (Dkt. No. 11), which misrepresent the facts and misconstrue the terms of the SAA. To the extent not expressly admitted, all allegations in the Counterclaims are denied.

## INTRODUCTION

The allegations in the introduction to the Counterclaims contain legal conclusions to which no response is required. To the extent a response is required, Zoom admits that Zoom provides RingCentral with a differentiated and superior customer experience that benefits RingCentral and has enabled its customers to conduct business more efficiently and cost-effectively. Except as expressly admitted, Zoom denies the allegations in the Introduction.

# PARTIES[1]

1. Zoom lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 1, and on that basis denies them.

2. Zoom admits that it is a Delaware corporation with its principal place of business in San Jose, California.

# JURISDICTION AND VENUE

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Zoom does not contest that this Court has jurisdiction over RingCentral's declaratory judgment counterclaim under 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction over RingCentral's state law counterclaims under 27 U.S.C. § 1367.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Zoom admits that it is headquartered in San Jose, California. Except as expressly admitted, Zoom denies the allegations of Paragraph 4.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Zoom admits that venue in this judicial district is appropriate. Except as expressly admitted, Zoom denies the allegations of Paragraph 5.

# FACTUAL ALLEGATIONS

**"Overview of the RingCentral-Zoom Business Relationship"**

Zoom denies the heading at page 4 line 13 of the Counterclaims.

6. Zoom lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 6, and on that basis, denies them. To the extent the allegations of Paragraph 6 purport to make legal conclusions, no response is required.

7. Zoom admits that it entered into a Strategic Alliance Agreement ("SAA") with RingCentral on October 13, 2013, and the SAA speaks for itself. To the extent RingCentral's allegations differ from or mischaracterize the SAA, Zoom denies those allegations. Except as

---

[1] To aid the Court in reviewing Zoom's Answer, Zoom has included the headings reflected in the Counterclaims. To the extent these headings include factual allegations, Zoom expressly denies each and every allegation.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

expressly admitted, Zoom denies the allegations of Paragraph 7. To the extent the allegations of Paragraph 7 purport to make legal conclusions, no response is required.

8.  Zoom admits that the parties extended the term and expanded the scope of the SAA on multiple occasions and that the SAA will terminate on ▮▮▮▮▮▮▮▮ at which time Zoom and RingCentral will have done business together for nearly a decade. Except as expressly admitted, Zoom denies the allegations of Paragraph 8. To the extent the allegations of Paragraph 8 purport to make legal conclusions, no response is required.

9.  Zoom admits that the SAA defines the term "Service," which was initially defined to include the Zoom "Unified Meeting Experience Service." Zoom admits that the "Unified Meeting Experience" is described in Exhibit A of the SAA, and that the document speaks for itself. Zoom admits that its capabilities expanded over time. Zoom admits that the definition of "Service" and the parties revenue commitments were amended, as reflected in the various Amendments to the SAA. Except as expressly admitted, Zoom denies the allegations in Paragraph 9. To the extent the allegations of Paragraph 9 purport to make legal conclusions, no response is required.

10.  Zoom admits that the SAA required Zoom to develop software clients to enable the Service for RingCentral and that Zoom developed this software and provided RingCentral with periodic updates to fix bugs, patch security vulnerabilities, and add new functionality to the Service. Zoom further admits that Section 1(c) of the SAA defines "Customer" as "a third party that purchases the Service from RingCentral or its Affiliates." Zoom lacks sufficient knowledge or information to form a belief as to the allegations of the third sentence of Paragraph 10. Zoom denies RingCentral's claim that Zoom has breached the SAA, or that RingCentral strived to be a good partner; to the contrary, RingCentral has repeatedly—and increasingly—sought out conflict with Zoom, including by sending countless letters to Zoom employees who previously worked for RingCentral. Except as expressly admitted, Zoom denies the allegations of Paragraph 10. To the extent the allegations of Paragraph 10 purport to make legal conclusions, no response is required.

**"The SAA's Term, End of Life, and Post-Termination Provisions"**

Zoom denies the heading at Page 5 line 22 of the Counterclaims.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

11.     Zoom admits that the initial term of the SAA ran from October 2013 to October 2016, with automatic one-year renewal terms. Except as expressly admitted, Zoom denies the allegations of Paragraph 11. To the extent the allegations of Paragraph 11 purport to make legal conclusions, no response is required.

12.     Zoom admits that Paragraph 12 purports to describe and quote the SAA and its 8th Amendment, which speak for themselves. Except as expressly admitted, Zoom denies the allegations of Paragraph 12. To the extent the allegations of Paragraph 12 purport to make legal conclusions, no response is required.

13.     Zoom admits that Paragraph 13 purports to describe and quote the Service Level Agreement ("SLA"), which speaks for itself. Except as expressly admitted, Zoom denies the allegations of Paragraph 13. To the extent the allegations of Paragraph 13 purport to make legal conclusions, no response is required.

14.     Zoom admits that Paragraph 14 purports to describe and quote Section 16(e) of the SAA, which speaks for itself. Except as expressly admitted, Zoom denies the allegations of Paragraph 14. To the extent the allegations of Paragraph 14 purport to make legal conclusions, no response is required.

15.     Zoom admits that it sent a letter to RingCentral on July 27, 2020, which letter speaks for itself. Except as expressly admitted, Zoom denies the allegations of Paragraph 15. To the extent the allegations of Paragraph 15 purport to make legal conclusions, no response is required.

16.     Zoom admits that it received a letter from RingCentral dated July 29, 2020, which letter speaks for itself. Except as expressly admitted, Zoom denies the allegations of Paragraph 16. To the extent the allegations of Paragraph 16 purport to make legal conclusions, no response is required.

17.     Zoom admits that Paragraph 17 purports to quote Section 16(d) of the SAA, which speaks for itself. Except as expressly admitted, Zoom denies the allegations of Paragraph 17. To the extent the allegations of Paragraph 17 purport to make legal conclusions, no response is required.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

**"Zoom Begins Misbehaving After Competition Commences"**

Zoom denies the heading at Page 7 line 10 of the Counterclaims.

18. Zoom admits that it launched its own VoIP telephone offering in 2019. Except as expressly admitted, Zoom denies the allegations of Paragraph 18. To the extent the allegations of Paragraph 18 purport to make legal conclusions, no response is required.

19. Zoom denies the allegations of Paragraph 19.

20. Zoom admits that Paragraph 20 purports to quote Section 8(c) of the SAA, which speaks for itself. Except as expressly admitted, Zoom denies the allegations of Paragraph 20. To the extent the allegations of Paragraph 20 purport to make legal conclusions, no response is required.

21. Zoom denies the allegations of Paragraph 21, including RingCentral's characterization of the articles linked at footnote 1 of the Counterclaims, which articles speak for themselves.

22. Zoom denies the allegations of Paragraph 22.

23. Zoom denies the allegations of Paragraph 23.

**"Zoom Breaches the SAA in Response to Competitive Pressure from RingCentral"**

Zoom denies the heading at Page 9 line 1 of the Counterclaims.

24. Zoom lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 24, and on that basis denies them. Except as expressly admitted, Zoom denies the allegations of Paragraph 24. To the extent the allegations of Paragraph 24 purport to make legal conclusions, no response is required.

25. Zoom admits that certain of its contractual obligations under the SAA continue through the End of Life ("EOL") Period, but expressly denies that all of them do. Zoom otherwise lacks sufficient knowledge or information to form a belief as to the other allegations of Paragraph 25, and on that basis denies them. Except as expressly admitted, Zoom denies the allegations of Paragraph 25. To the extent the allegations of Paragraph 25 purport to make legal conclusions, no response is required.

26. Zoom admits that its General Counsel was contacted by RingCentral's General Counsel during the week of February 22, 2021. Except as expressly admitted, Zoom denies the allegations of Paragraph 26. To the extent the allegations of Paragraph 26 purport to make legal conclusions, no response is required.

27. Zoom admits that on February 24, 2021 Zoom sent a letter to RingCentral, which letter speaks for itself. Zoom further admits that Paragraph 27 purports to quote the language of Section 16(e) of the SAA, which speaks for itself. Except as expressly admitted, Zoom denies the allegations of Paragraph 27. To the extent the allegations of Paragraph 27 purport to make legal conclusions, no response is required.

28. Zoom admits that it received a letter from RingCentral, dated February 26, 2021, which letter speaks for itself. Except as expressly admitted, Zoom denies the allegations of Paragraph 28. To the extent the allegations of Paragraph 28 purport to make legal conclusions, no response is required.

29. Zoom denies the allegations of Paragraph 29.

30. Zoom denies the allegations of Paragraph 30.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

31. Zoom incorporates the responses to each and every allegation above as if fully stated herein.

32. Paragraph 32 states legal conclusions to which no response is required.

33. Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 33.

34. Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 34.

35. Paragraph 35 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 35.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 36.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 37.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 38.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

39. Zoom incorporates the responses to each and every allegation above as if fully stated herein.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 40.

41. Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 41.

42. Zoom admits that it alleges that RingCentral has infringed Zoom's trademarks, misled consumers, and engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a). Except as expressly admitted, Zoom denies the allegations of Paragraph 42. To the extent the allegations of Paragraph 42 purport to make legal conclusions, no response is required.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 43.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 44.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Contractual Rights)

45. Zoom incorporates the responses to each and every allegation above as if fully stated herein.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 46.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 47.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, Zoom admits that a substantial, immediate, and concrete controversy exists between Zoom and RingCentral regarding their rights and duties under the SAA and that a judicial declaration will resolve this controversy as to the parties' rights and obligations under the SAA. Except as expressly admitted, Zoom denies the allegations of Paragraph 49.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 50.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 51.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition (Cal. Civ. Code § 17200 *et seq*))

52. Zoom incorporates the responses to each and every allegation above as if fully stated herein.

53. Zoom lacks sufficient knowledge or information to form a belief as to the allegations of the second sentence of Paragraph 53, and on that basis denies them. To the extent the allegations of Paragraph 53 state legal conclusions, no response is required. To the extent a response is required, except as expressly admitted, Zoom denies the allegations of Paragraph 53.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 54.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Zoom denies the allegations of Paragraph 55.

## PRAYER FOR RELIEF

Zoom denies that RingCentral is entitled to judgment on any allegations or claims asserted in the Counterclaims and denies that RingCentral is entitled to any requested relief. Zoom further

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

notes that the Court has already denied RingCentral's request for a preliminary injunction. (Dkt. No. 40).

## JURY DEMAND

Zoom also demands a jury trial on all issues so triable.

## GENERAL DENIAL

Zoom denies any allegations in the Counterclaims, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

Zoom asserts the following defenses in response to the allegations in the Counterclaims. By asserting these defenses, Zoom does not concede that it bears the burden of proof on any such defenses. Zoom further reserves the right to assert additional affirmative defenses once the precise nature of the relevant circumstances or events is determined through discovery.

## FIRST AFFIRMATIVE DEFENSE

(Justification)

The Counterclaims are barred, in whole or in part, because Zoom was legally justified in its actions. Under the terms of the SAA, RingCentral is not permitted to sell Zoom's Service to new customers during the EOL period, and Zoom is not obligated to provide the Service to new customers during the EOL period. As Zoom has no obligation to provide the Service to new RingCentral customers, Zoom was legally justified in blocking RingCentral's ability to sign up new customers to use the Zoom Service.

## SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands and/or as a result of RingCentral's own inequitable conduct. RingCentral breached the SAA by continuing to sell the Zoom Service to new customers, despite the fact that RingCentral's license to sell the Service expired on January 31, 2021, and by exceeding the scope of its license to use Zoom's trademarks. Further, RingCentral acted improperly by attempting to impermissibly limit

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

competition through the enforcement of anticompetitive contractual clauses, and by repeatedly and intentionally deceiving potential customers with a "bait and switch" tactic.

### THIRD AFFIRMATIVE DEFENSE

(Good Faith)

The Counterclaims are barred, in whole or in part, because Zoom at all times acted in good faith and did not intentionally violate the rights of RingCentral or any duty owed to RingCentral. Zoom's actions were undertaken in good faith, with the absence of malicious intent, based on Zoom's understanding of its legal obligations under the SAA. Further, Zoom has acted in good faith by going above and beyond its contractual obligations, including by continuing to confer with RingCentral to achieve a resolution outside of litigation.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver and/or Estoppel)

The Counterclaims are barred, in whole or in part, by the doctrines of waiver and/or estoppel. The SAA was first negotiated and signed by the parties in 2013. In the years since, the parties have negotiated and executed ten subsequent amendments to the SAA. In negotiating and executing these amendments, the parties repeatedly treated the EOL period as separate from the term of the contract, expressly stating when any specific obligations extend into the EOL period. *See, e.g.* Counterclaims, Exhibit A, Third Amendment §11(d) ("the foregoing revenue-share terms may not be modified during the Term or the EOL period"); *id.,* Fourth Amendment §18(h) ("During the Term and EOL Period, Zoom shall provide reasonable…"). The SAA does not include any express extension of RingCentral's right to sell the Zoom Service to new customers into the EOL period. Zoom continued to extend the terms of the SAA and entered into the ten subsequent amendments in reliance on RingCentral's representations that the parties' obligations during the EOL period are distinct from their term obligations, and on the absence in the SAA of any license to sell or obligation to provide the Zoom Service to new customers during the EOL period. Therefore, RingCentral has now waived any right to claim and/or is estopped from claiming that all obligations in the SAA continue into the EOL, even when not expressly stated,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

or that its license to sell and Zoom's obligation to provide the Zoom Service to new customers extended into the EOL period specifically.

## FIFTH AFFIRMATIVE DEFENSE

(Public Policy)

The Counterclaims are barred, in whole or in part, because Zoom's performance under the SAA is excused to the extent such performance violates public policy. RingCentral has sought to hold Zoom to overbroad non-compete and non-disclosure obligations and other anticompetitive provisions contained in the SAA, contrary to public policy. Further, RingCentral insists that under the SAA, Zoom is obligated to provide the Service to RingCentral well beyond the termination of the contract. RingCentral claims that Zoom must not only provide the Service through the EOL period but through the duration of *RingCentral's* outside contracts with third parties—third parties with whom Zoom has no contractual relationship or other involvement, knowledge or privity. RingCentral's insistence that Zoom must provide the Service beyond the contracted period based on the length of *RingCentral's* own contracts with its customers—even if those contracts last years beyond the termination of the SAA or even indefinitely—is contrary to public policy.

## SIXTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

Assuming RingCentral suffered any injury or harm, which Zoom generally and specifically denies, RingCentral would be adequately compensated in an action at law for damages, and accordingly RingCentral is not entitled to seek equitable relief, including injunctive relief. As the Court found in denying RingCentral's attempt to obtain a preliminary injunction, there is "a lack of support for irreparable harm" as there in insufficient evidence demonstrating that RingCentral "actually lost market share as a result of Zoom . . . or why monetary damages would be insufficient to compensate RingCentral." (Dkt. 40 at 10.) Further, the Court noted that "loss of business relationships is an economic harm that can be valued." (*Id.* at 11. (citations omitted).)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

The Counterclaims are barred, in whole or in part, because RingCentral has failed to take reasonable steps or use reasonable diligence to mitigate its purported damages. RingCentral continued to sell and advertise the Zoom Service beyond the January 31, 2021 end of Term. Even after Zoom informed RingCentral that it would no longer permit new RingCentral customers to sign up for the Service, RingCentral failed to stop advertising the Service to new customers. Additionally, despite touting its own alternative service as superior, RingCentral continued to advertise and sell the Zoom Service to potential customers for whom RingCentral's own product would have been a viable alternative.

## EIGHTH AFFIRMATIVE DEFENSE

(Illegality)

The Counterclaims are barred, in whole or in part, to the extent that Zoom's performance under the SAA is unenforceable due to illegality. Certain anti-competitive terms contained in the SAA, including overbroad non-compete and non-disclosure covenants, unreasonably deny customers the benefit of competition and are unenforceable and void under California Business & Professions Code Section 16600.

## NINTH AFFIRMATIVE DEFENSE

(Lack of Causation)

The Counterclaims are barred, in whole or in part, to the extent Zoom did not directly or proximately cause or contribute to any damage, loss, or injury allegedly sustained by RingCentral. RingCentral has failed to identify how any action on behalf of Zoom directly or proximately caused or contributed to its alleged damages. RingCentral cannot establish that any of its purported damages were caused by improper actions taken by Zoom, rather than intervening causes, such as the introduction of RingCentral's own inferior replacement, RingCentral's decision to enter into customer contracts inconsistent with its rights under the SAA, or the independent decisions of third-party customers to contract with a different videoconferencing platform of their choice.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

## TENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Although the types of damages RingCentral alleges are of the type that are reasonably calculable and compensable through monetary damages, the Counterclaims are barred, in whole or in part, to the extent that the damages alleged are speculative and uncertain. RingCentral has failed to identify sufficient facts to support any of its alleged damages. RingCentral's injuries are largely based on its unsubstantiated conclusion that some potential customers would have chosen to enter into contracts with RingCentral if the customers were able to buy the Zoom Service through RingCentral during the EOL period.

## ELEVENTH AFFIRMATIVE DEFENSE

(Damages Not Recoverable Under Contract)

The Counterclaims are barred, in whole or in part, to the extent the SAA explicitly bars recovery for certain damages that RingCentral seeks to recover—including, but not limited to, reputational harm and lost profits. (SAA § 13).

## TWELFTH AFFIRMATIVE DEFENSE

(Reservation of Right)

Zoom has insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to it, and therefore expressly reserves the right to (1) amend or supplement this Answer, defenses, affirmative defenses and all other pleadings, (2) assert any and all additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate, and (3) assert any cross-claims, counterclaims, and third-party claims when and if they become appropriate in this action.

## PRAYER FOR RELIEF

WHEREFORE, Zoom prays for judgment as follows:

1. That RingCentral take nothing by reason of its Counterclaims, and that judgment be rendered in favor of Zoom;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

ZOOM'S ANSWER TO RINGCENTRAL'S
COUNTERCLAIMS
CASE NO. 5:21-cv-1727-EJD

2. That the Counterclaims, and each purported cause of action contained therein, be dismissed with prejudice;

3. That the Court award Zoom the costs, disbursements, and attorneys' fees incurred by it in defending this action; and

4. That the Court award Zoom any such other and further relief as the Court may deem just and proper.

Dated: April 5, 2021

LATHAM & WATKINS LLP

By: */s/ Douglas E. Lumish*

Douglas E. Lumish
Matthew Rawlinson
Jennifer Barry
Arman Zahoory
of Latham & Watkins LLP

*Attorneys for
Zoom Video Communications, Inc.*