CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
KAREN G. JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

ROBERT L. URIARTE (SBN 258274)
ruriarte@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94021
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

*Attorneys for Defendant*
*RingCentral, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOOM VIDEO COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RINGCENTRAL, INC., <br><br> Defendant. | Case No. 5:21-cv-01727-EJD <br><br> **RINGCENTRAL, INC.'S ANSWER TO ZOOM VIDEO COMMUNICATIONS, INC.'S COMPLAINT** |
| RINGCENTRAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br> ZOOM VIDEO COMMUNICATIONS, INC., <br><br> Counterdefendant. | **DEMAND FOR JURY TRIAL** |

Defendant and Counterclaimaint RingCentral, Inc. answers Plaintiff and Counterdefendant Zoom Video Communications, Inc.'s ("Zoom") Complaint (ECF No. 1) as follows.  RingCentral denies all allegations that it does not expressly admit.  The numbered paragraphs in this Answer correspond to the numbered paragraphs in Zoom's Complaint.  The headings used by Zoom in the Complaint are restated below for ease of reference, but no admissions are made thereby.

**INTRODUCTION**

1.	RingCentral admits that it has partnered with Zoom to provide video conferencing services to RingCentral's customers for at least the last seven years, and that the terms of the parties' partnership are set forth in the Strategic Alliance Agreement as amended (the agreement and its amendments are hereinafter referred to as the "SAA").  RingCentral denies that the partnership with Zoom has been terminated.   RingCentral denies any remaining allegations in Paragraph 1.

2.	RingCentral admits that Zoom sent notice that it elected not to renew the SAA in July 2020.  RingCentral denies that Zoom terminated the SAA effective January 31, 2020.  Ring Central admits that it invoked the "end of life" period ("EOL Period") in response to Zoom's July 2020 notice.  RingCentral admits that the SAA gives RingCentral rights for continued support for existing customers and other benefits during and after the EOL Period.  RingCentral denies that the license to market and resell Zoom's products and the license RingCentral has to Zoom's trademarks to market those products terminated on January 31, 2021.  RingCentral denies any remaining allegations in Paragraph 2.

3.	RingCentral admits that it resold Zoom's services to customers after January 31, 2021, consistent with and as permitted by the SAA.  RingCentral otherwise denies the allegations in Paragraph 3.

4.	RingCentral admits that the SAA contains confidentiality obligations and provisions governing the circumstances under which Zoom can contact RingCentral's customers.  RingCentral admits that it requested that Zoom adhere to its contractual obligations in the SAA.  RingCentral denies that the SAA is terminated.  RingCentral admits that it resold Zoom's

1  services, consistent with and as permitted by the SAA.  RingCentral otherwise denies the
2  allegations in Paragraph 4.

3    5.  RingCentral denies the allegations in Paragraph 5.

**NATURE OF THE ACTION**

5    6.  RingCentral admits that Zoom asserts claims under the Lanham Act, for breach of
6  contract, and for declaratory judgment.  RingCentral otherwise denies the allegations in
7  Paragraph 6.

**PARTIES**

9    7.  RingCentral admits that Zoom is a Delaware corporation with its principal place of
10 business at 55 Almaden Boulevard, 6th Floor, San Jose, California 95113.  RingCentral admits
11 that Zoom's business includes providing a video-conferencing platform.  RingCentral lacks
12 knowledge or information sufficient to form a belief about the truth of the remainder of the
13 allegations in Paragraph 7 and on that basis denies them.

14   8.  RingCentral admits the allegations in Paragraph 8.

**JURISDICTION AND VENUE**

16   9.  Ring Central admits that Zoom alleges claims arising under the Lanham Act in its
17 Complaint.  RingCentral admits that the Court has subject matter jurisdiction over actions arising
18 under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.
19 RingCentral admits that the Court has supplemental jurisdiction over state claims arising from a
20 common nucleus of operative facts as Lanham Act claims pursuant to 28 U.S.C. § 1367.
21 RingCentral denies any remaining allegations in Paragraph 9.

22   10. For purposes of this litigation, RingCentral admits that the Court has specific
23 personal jurisdiction over RingCentral.  RingCentral admits that its headquarters are located in
24 this the State of California and in this District and that RingCentral transacts business in the State
25 of California and this District.  RingCentral denies any remaining allegations in Paragraph 10.

26   11. RingCentral admits for purposes of this litigation that venue is proper in this
27 District pursuant to 28 U.S.C. § 1391(b)(2).  RingCentral admits that the SAA contains a
28 provision pursuant to which the parties waive objection to venue in the state and federal courts in

- 2 -                                             RINGCENTRAL'S ANSWER
                                                   5:21-CV-01727-EJD

1  Santa Clara County, California.  RingCentral denies any remaining allegations in Paragraph 11.

**INTRADISTRICT ASSIGNMENT**

12. RingCentral admits that Zoom's allegations in this case present issues that qualify for District-wide assignment pursuant to L.R. 3-2(c).  RingCentral denies any remaining allegations in Paragraph 12.

**BACKGROUND**

13. RingCentral admits that the parties entered into the SAA in October 2013, pursuant to which RingCentral was appointed to market and resell Zoom's video-conferencing services and was licensed to, among other things, "sell, offer to sell, and exploit . . . the Service . . . for the term of this Agreement . . . ." in the SAA.  RingCentral further admits that Zoom granted RingCentral a trademark license pursuant to Section 9(a) of the SAA.  RingCentral denies any remaining allegations in Paragraph 13.

14.  RingCentral admits that the SAA contains provisions that govern the provision of the Service and the use of trademarks.  RingCentral denies Zoom's characterization of those provisions   RingCentral denies any remaining allegations in Paragraph 14.

15. RingCentral admits that the SAA has been amended to add products and services and extend the term of the SAA.  RingCentral admits that the SAA and its amendments contain provisions that govern the provision of the Service and the use of trademarks, but denies Zoom's characterization of those provisions.  RingCentral denies any remaining allegations in Paragraph 15.

16. RingCentral admits that the SAA and its amendments contain provisions that govern customer contact, but denies Zoom's characterization of those provisions.  RingCentral otherwise denies the allegations in Paragraph 16.

17. RingCentral admits that it uses Zoom's service to provide video conferencing for RingCentral Meetings and that RingCentral accurately brands the product as "powered by Zoom," consistent with and pursuant to the SAA.  RingCentral admits that Zoom sent a letter to RingCentral in July 2020 giving notice that it would not renew the SAA.  RingCentral otherwise denies the allegations in Paragraph 17.

1  18. RingCentral denies that the SAA is terminated.  RingCentral admits that it invoked the EOL Period provisions in the SAA.  RingCentral denies that its rights under the SAA are limited during the EOL Period.  RingCentral denies any remaining allegations in Paragraph 18.

19. RingCentral denies that the SAA is terminated.  RingCentral admits that it has continued to sell and offer to sell Zoom's products and services to new customers after January 31, 2021, and use Zoom's trademarks, consistent with and pursuant to the SAA.  RingCentral admits that it continued to brand RingCentral Meetings accurately as "Powered by Zoom" after January 31, 2021, consistent with and pursuant to the SAA.  RingCentral admits that its position is that it is permitted to use Zoom's trademarks during the EOL Period, consistent with and pursuant to the SAA.  RingCentral denies any remaining allegations in Paragraph 19.

20. RingCentral admits that Zoom sent a letter on February 24, 2021 contending that RingCentral breached the SAA.  RingCentral denies that it breached the SAA or infringed Zoom's intellectual property rights.  RingCentral denies any remaining allegations in Paragraph 20.

21. RingCentral admits that it sent a letter on February 26, 2021, disputing that the SAA was terminated as of January 31, 2021.  RingCentral admits that the selected portion of RingCentral's letter is accurately quoted in Paragraph 21.  RingCentral denies that the SAA terminated at the conclusion of the six-month notice period on January 31, 2021.  RingCentral denies any remaining allegations in Paragraph 21.

22. RingCentral admits that it expects Zoom to comply with the confidentiality provisions in the SAA and informed Zoom of that expectation.  RingCentral otherwise denies the allegations in Paragraph 22.

23. RingCentral admits that it issued the announcement reflected in the screenshot in Paragraph 23.  RingCentral otherwise denies the allegations in Paragraph 23.

24. RingCentral admits that the quoted portions of the announcement reflected in Paragraph 23 are accurately quoted, with the exception of the bracketed portions.  RingCentral otherwise denies the allegations in Paragraph 24.

25. RingCentral admits that RingCentral stated in its August 3, 2020 earnings call that

1  its plan was to migrate its customer base to RCV over time.  RingCentral admits that it is in the
2  process of transitioning customers to products other than RingCentral Meetings.  RingCentral
3  admits that most of its new customers are being provided with RingCentral Video, which does not
4  use Zoom's service.  RingCentral admits that it sold RingCentral Meetings, including Zoom's
5  service, to customers after January 31, 2021, consistent with and pursuant to the SAA.
6  RingCentral denies that selling RingCentral Meetings, including Zoom's service, after January
7  31, 2021, was a breach of the SAA.  RingCentral denies that its products are inferior to Zoom's.
8  RingCentral denies that its licenses under the SAA are terminated.  RingCentral denies any
9  remaining allegations in Paragraph 25.

10      26.    RingCentral admits that Zoom took technological steps to shut off RingCentral's
11  ability to provision for certain customers' Zoom accounts, in breach of the SAA, on or about the
12  same day Zoom filed its complaint.   RingCentral otherwise denies the allegations in Paragraph
13  26.

## COUNT 1 – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)

16      27.    RingCentral repeats its responses to the allegations of the preceding paragraphs as
17  if fully set forth herein.

18      28.    RingCentral admits that Zoom began use of its purported mark prior to
19  RingCentral, but otherwise denies the allegations in Paragraph 28.

20      29.    RingCentral denies the allegations in Paragraph 29.
21      30.    RingCentral denies the allegations in Paragraph 30.
22      31.    RingCentral denies the allegations in Paragraph 31.
23      32.    RingCentral denies the allegations in Paragraph 32.
24      33.    RingCentral denies the allegations in Paragraph 33.
25      34.    RingCentral denies the allegations in Paragraph 34.
26      35.    RingCentral denies the allegations in Paragraph 35.
27      36.    RingCentral denies the allegations in Paragraph 36.
28      37.    RingCentral denies the allegations in Paragraph 37.

## COUNT 2 – BREACH OF CONTRACT

38. RingCentral repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

39. RingCentral admits the allegations in Paragraph 39.

40. RingCentral denies the allegations in Paragraph 40.

41. RingCentral denies the allegations in Paragraph 41.

42. RingCentral denies the allegations in Paragraph 42.

43. RingCentral denies the allegations in Paragraph 43.

44. RingCentral denies the allegations in Paragraph 44.

## COUNT 2 – DECLARATORY JUDGMENT FOR VIOLATION OF CAL. BUS. PROF. CODE § 16600

45. RingCentral repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

46. RingCentral admits that Zoom has asserted claims under California Business & Professions Code Section 16600.  RingCentral otherwise denies the allegations in Paragraph 46.

47. RingCentral denies the allegations in Paragraph 47.

48. RingCentral admits that it has a contractual relationship with Zoom.  RingCentral otherwise denies the allegations in Paragraph 48.

49. RingCentral denies the allegations in Paragraph 49.

50. RingCentral denies the allegations in Paragraph 50.

51. RingCentral denies the allegations in Paragraph 51.

52. RingCentral admits that the SAA and its amendments contain provisions relating to customer solicitation, but denies Zoom's characterization of those provisions, including its characterization of them as "non-compete" provisions.  RingCentral denies any remaining allegations in Paragraph 52.

1     53.    RingCentral denies the allegations in Paragraph 53.

2     54.    RingCentral denies the allegations in Paragraph 54.

3     55.    RingCentral denies the allegations in Paragraph 55 and specifically denies Zoom's use of the misleading phrase "the Non-Compete Clauses."

    56.    RingCentral admits that its position is that the provisions of the SAA relating to customer solicitation are binding, enforceable, and remain in place, but otherwise denies the allegations in Paragraph 56.

    57.    RingCentral admits that the quoted portions appearing in Paragraph 57 are accurate selected quotations from RingCentral's statements to Zoom. RingCentral otherwise denies the allegations in Paragraph 57.

    58.    RingCentral admits that Zoom seeks declaratory relief. RingCentral denies that Zoom is entitled to the relief it seeks.

## PRAYER FOR RELIEF

RingCentral denies that Zoom is entitled to any judgment or relief.

## DEMAND FOR JURY TRIAL

RingCentral admits that Zoom demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

RingCentral alleges the following affirmative defenses. RingCentral reserves all rights to allege additional affirmative defense that become known through the course of discovery.

### First Defense: License

Zoom's claims of unfair competition and trademark infringement are barred because Zoom granted RingCentral a valid license in the SAA to use Zoom's trademarks, and RingCentral at all times complied with the license terms and conditions imposed by Zoom. Zoom's license is an express and implied covenant not to sue for trademark infringement for acts within the scope of the license and provides RingCentral with a complete defense to Zoom's claims in Count 1.

### Third Defense:  Failure to Police, Acquiescence

The purported "ZOOM" trademark and related logo are unenforceable on account of Zoom's failure to police and its acquiescence to third-party uses. RingCentral alleges per Federal

Rule of Civil Procedure 11(b)(3) that a reasonable opportunity for investigation and discovery will show that multiple third parties use the ZOOM trademark without Zoom taking reasonable steps to impose quality control or prevent misleading uses of the mark.

### Fourth Defense: Unclean Hands

Zoom's claims, in whole or in part, are barred by the doctrine of unclean hands arising from its conduct, including its willful misconduct and deliberate disregard for RingCentral's rights, Zoom's use of confidential RingCentral information for Zoom's competitive purposes, Zoom's conduct in making false statements to RingCentral customers, and Zoom's tortious interference with RingCentral's contractual and business relationships.

### Fifth Defense: Fair Use

Zoom's trademark claims are barred by the doctrine of fair use because any use by RingCentral of any protectable mark was in good faith and in an overall context that would not be likely to create consumer confusion.

### Sixth Affirmative Defense: Waiver

Zoom has, through its conduct, representations, and omissions, waived, relinquished, and/or abandoned any claims for relief. Zoom has waived *inter alia* any claim that the provisions of the SAA relating to customer solicitation, which Zoom falsely characterizes as "non-compete" clauses, and provisions relating to the protection of confidential information, are void and unenforceable. Zoom has alleged in a judicial document, namely its complaint, that the SAA "is a valid contract." By virtue of that allegation, Zoom has waived its claim for declaratory judgment that provisions of the SAA are unenforceable.

### Seventh Affirmative Defense: Genericized Mark

The purported "ZOOM" marks have become genericized. RingCentral alleges per Federal Rule of Civil Procedure 11(b)(3) that a reasonable opportunity for investigation and discovery will show that the public has appropriated Zoom's marks as the name of a class of services.

### Eighth Affirmative Defense: Failure to State a Claim

Zoom's complaint fails to state any claim for which relief can be granted.

- 8 -                                RINGCENTRAL'S ANSWER
                                     5:21-CV-01727-EJD

**Ninth Affirmative Defense: Estoppel**

Zoom, through its conduct, representations, and omissions, is estopped from asserting any claims for relief, including from seeking to invalidate provisions of the SAA, not only by its diametrically inconsistent position that the SAA is valid, but also by the fact that Zoom has reaped substantial benefits and compensation from the SAA.

**DEMAND FOR JURY TRIAL**

RingCentral hereby demands a jury trial on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

**PRAYER FOR RELIEF**

WHEREFORE, RingCentral prays for relief as follows:

  A. Judgment in favor of RingCentral and against Zoom;

  B. An order that this is an exceptional case and an award of RingCentral's attorneys' fees, expenses, and costs pursuant to 15 U.S.C. § 1117(a);

  C. An award of costs, accountants' and experts' fees, and reasonable attorneys' fees pursuant to contract;

  D. An award of other such relief as the Court may deem appropriate.

Dated: May 11, 2021

CLEMENT SETH ROBERTS
KAREN G. JOHNSON-MCKEWAN
ROBERT L. URIARTE
NATHAN SHAFFER
Orrick, Herrington & Sutcliffe LLP

By: */s/ Clement Seth Roberts*
CLEMENT SETH ROBERTS
Attorneys for Defendant
RingCentral, Inc.