REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1   Douglas E. Lumish (Bar No. 183863)       BRAD S. KARP (*pro hac vice*)
    doug.lumish@lw.com                        bkarp@paulweiss.com
2   Matthew Rawlinson (Bar No. 231890)        **PAUL, WEISS, RIFKIND, WHARTON &**
    matt.rawlinson@lw.com                     **GARRISON LLP**
3   Arman Zahoory (Bar No. 306421)            1285 Avenue of the Americas
    arman.zahoory@lw.com                      New York, NY 10019-6064
4   **LATHAM & WATKINS LLP**                  Telephone:   +1 212 373 3000
    140 Scott Drive                           Facsimile:   +1 212 757 3990
5   Menlo Park, California 94025
    Telephone: +1.650.328.4600                MELINDA HAAG (SBN 132612)
6   Facsimile: +1.650.463.2600                mhaag@paulweiss.com
                                              WALTER F. BROWN (SBN 130248)
7   Jennifer Barry (CA 228066)                wbrown@paulweiss.com
    jennifer.barry@lw.com                     R. ROSIE VAIL (SBN 317977)
8   **LATHAM & WATKINS LLP**                  rvail@paulweiss.com
    12670 High Bluff Drive                    **PAUL, WEISS, RIFKIND, WHARTON &**
9   San Diego, California 92130               **GARRISON LLP**
    Telephone: 858-523-5400                   943 Steiner Street
10  Facsimile: 858-523-5450                   San Francisco, CA 94117
                                              Telephone:   +1 202 223 7300
11                                            Facsimile:   +1 202 223 7420
    Attorneys for Zoom Video
12  Communications, Inc.                      Attorneys for RingCentral, Inc.

13

14

15                      UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

                              SAN JOSE DIVISION
17

18  ZOOM VIDEO COMMUNICATIONS, INC.,    |   CASE NO. 5:21-cv-1727-EJD

19              Plaintiff,              |   **PROPOSED PROTOCOL FOR EXPEDITED**
                                        |   **SINGLE-ISSUE RESOLUTION**
20       vs.

21  RINGCENTRAL, INC.,

22              Defendant.

23  RINGCENTRAL, INC.,

24              Counterclaimant,

25       vs.

26  ZOOM VIDEO COMMUNICATIONS, INC.,

27              Counterdefendant.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

                                    PROPOSED PROTOCOL FOR
                        EXPEDITED SINGLE-ISSUE RESOLUTION
                              CASE NO. 5:21-cv-1727-EJD

1    Pursuant to the discussions with the Court at the August 19, 2021 Case Management

2 Conference (Dkt. 74), Plaintiff and Counterdefendant Zoom Video Communications, Inc.

3 ("**Zoom**") and Defendant and Counterclaimant RingCentral, Inc. ("**RingCentral**"), by and

4 through their respective counsel of record, hereby jointly submit the following proposal, which is

5 intended to facilitate the expedited exchange of discovery necessary to resolve the issue of whether

6 Zoom has any obligation to support RingCentral customers beyond ▮▮▮▮▮▮▮ (the "**Issue**").

7 The proposed schedule assumes a hearing on the Issue in February 2022.  In the event the Court

8 sets the hearing for a different time, the parties will meet in good faith to adjust the schedule

9 accordingly.

10    The expedited discovery contemplated herein will commence concurrently with full

11 discovery on all issues in the litigation.  This proposal is not intended to limit the discovery any

12 party may seek on any issue.

13    **I.    Document Discovery[1]**

14    a.  Parameters for Document Discovery

15        i.  Both parties agree that document custodians shall be limited to:

16            1.  Those persons involved in drafting or negotiating the Strategic

17                Alliance Agreement (the "SAA") and its amendments; and

18            2.  Up to three (3) additional custodians identified by the party

19                propounding the document requests.

20        ii.  Both parties agree to conduct email searches using agreed-upon search

21             terms and date ranges, to be negotiated in good faith no more than seven (7)

22             days after the date of service of proposed search terms.

23        iii.  Documents must be produced without delay and, subject to the resolution

24              of pending discovery disputes, document productions will be substantially

25              completed  by **November 1, 2021**.

26        iv.  The parties agree to work together to submit any disputes regarding

27

28 [1] Nothing in this protocol alters or amends the limitations on the scope, frequency, or extent of
discovery in Federal Rule of Civil Procedure 26.

PROPOSED PROTOCOL FOR
EXPEDITED SINGLE-ISSUE RESOLUTION
CASE NO. 5:21-cv-1727-EJD

document discovery to the Court no later than **November 22, 2021**.

b. Subject to any privilege claims, both parties agree to immediately begin producing the following categories of documents and to continue in good faith to produce such documents on a rolling basis :

　　i. All documents and communications regarding the SAA and its amendments, negotiation of the SAA and its amendments, and discussion about potential or proposed amendments.

　　ii. All drafts of the SAA and its amendments, including but not limited to drafts of the contract provisions relevant to the Issue.

　　iii. All documents and communications relating to the application and interpretation of the contract provisions relevant to the Issue, including but not limited to (1) all documents and communications supporting an interpretation that Zoom is *not* obligated to support RingCentral customers though the life of the customer contracts entered into between RingCentral and its customers, and (2) all documents and communications supporting an interpretation that Zoom *is* obligated to support RingCentral customers though the life of the customer contracts.

c. In addition to the categories of documents set forth in Part I(a) above, each party shall be permitted to serve no more than five (5) additional document requests in connection with the Issue.  The parties agree to act in good faith to target any such document requests as narrowly as possible to the Issue.

　　i. All document requests must be served by **September 15, 2021**.

　　ii. All objections to document requests must be served by **September 30, 2021**.

## II.　Procedure for Addressing Discovery Disputes

a. The parties shall meet and confer regarding any discovery disputes concerning the Issue before raising them with the Court.  Any such meet and confer shall occur

1    within seven (7) days of the dispute being raised.  The parties agree to act in good

2    faith to resolve any such disputes without the need for Court intervention.

3    b.  Discovery disputes concerning the Issue may be raised by letter motion, filed with

4    the clerk, not to exceed five (5) pages 24-point spacing.  The response shall be by

5    letter not to exceed five (5) pages 24-point spacing and filed with the clerk not later

6    than seven (7) calendar days after receipt of the letter motion.

7    **III.**  **Privilege Issues**

8    a.  The parties shall exchange privilege logs for any responsive documents withheld

9    from production no later than **December 30, 2021**.

10    b.  Privileged and work product documents and communications created after the

11    filing of the complaint in this action need not be logged.

12    c.  Any privilege disputes shall be addressed according to the procedure set forth in

13    Part II above.

14    **IV.**  **Requests for Admission**

15    a.  Requests for Admission concerning the Issue must be served by **January 3, 2022**.

16    b.  Requests for Admission must be answered within twenty-one (21) days after the

17    date of service.

18    **V.**  **Interrogatories**

19    a.  Each party shall be permitted to serve no more than five (5) interrogatories related

20    to the Issue.  The parties agree to act in good faith to target any such interrogatories

21    as narrowly as possible to the Issue.

22    i.  Interrogatories concerning the Issue must be served by **October 15, 2021**.

23    ii.  Interrogatories concerning the Issue must be substantively answered by

24    **November 15, 2021**.

25    **VI.**  **Depositions**

26    a.  Each party shall be entitled to five (5) fact witness depositions.  The parties may

27    agree to additional fact depositions based on information learned through

28    discovery.

b.  Depositions taken in connection with the Issue will not preclude the parties from later taking depositions of the same witnesses in connection with the overall case, with the limitation that the parties shall be limited to a total of 7 hours with any individual witness, which may be divided over two (2) days. The parties will act in good faith to avoid repeating the same questions and topics already covered in a prior deposition.  The parties may seek additional time for any deposition, either by stipulation or court order, if needed to fairly examine a deponent as permitted by FRCP 30(d)(1).

c.  Depositions concerning the Issue must be noticed by no later than **November 15, 2021**.

d.  All depositions concerning the Issue shall be scheduled between **November 1, 2021** and **December 31, 2021**.

e.  To the extent practicable, the parties shall schedule their depositions concerning the Issue in alternating order.  The noticing party shall determine the sequence in which it schedules the depositions it noticed.

f.  If possible the depositions concerning the Issue will be conducted in-person, subject to the state of the pandemic at that time.

g.  Any deposition disputes shall be addressed according to the procedure set forth in Part II above.

VII.  **Identification of Experts and Witnesses**

a.  Each party will be limited to two (2) experts, and the parties agree that they will not be presenting damages experts at this time.

b.  Each party shall identify the name of their experts and the specific topics on which the experts will be opining by **October 30, 2021**.

c.  Expert disclosures shall be made by **November 30, 2021**.

d.  Each party will be permitted to depose the other party's experts by **December 31, 2021**, with notice of expert depositions being given no later than **December 15, 2021**.

e. Rebuttal expert disclosures shall be made by **December 30, 2021**.

f. Each party will be permitted to depose the other party's rebuttal expert by **January 21, 2022**.

VIII. *Daubert* **Motions**

a. *Daubert* motions shall be made by **January 17, 2022**, and shall be no more than five pages 24-point spacing.

b. Oppositions shall be filed **January 31, 2022**, and shall be no more than five pages 24-point spacing.

IX. **Motions** *in Limine* **and other pre-trial matters**

**a.** The parties shall proceed pursuant to the pre-trial schedule contained at Section IV(D) of the Court's Standing Order for Civil Cases.  Deadlines will run from the dates identified by the Court for the Final Pretrial Conference and final hearing.

X. **Hearing**

a. The parties shall request up to a three-day hearing in **February 2022**, with the precise date set to be set by the Court.

b. The Court will set a Pretrial Conference on a date convenient for the Court.

c. The parties will request that the Court issue findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing.

d. The usual rules and procedures regarding post-trial motions and appeals remain in effect and are not waived by the parties.  The parties agree that they will not appeal to the Court's finding of facts and conclusions until after the conclusion of the entire case.

XI. **Protocol Modifications**

a. The parties may agree to modify any of the terms in Parts I-VII of the protocol, without the need for Court intervention, so long as any such modifications do not have the effect of changing the terms in Parts VIII-X.

b. In the event that a party seeks to modify any of the terms in Parts I-VII of the protocol without the other party's consent, the party seeking the modification may

PROPOSED PROTOCOL FOR
EXPEDITED SINGLE-ISSUE RESOLUTION
CASE NO. 5:21-cv-1727-EJD

1    submit the dispute to the Court in accordance with the procedure set forth in Part

2    II(b) above.

3        c.   In the event the hearing is not set in February 2022, the parties shall meet and confer

4        to propose an adjusted schedule based on the new hearing date.

5

6    Dated: September 9, 2021                    LATHAM & WATKINS LLP

7

8                                               By      */s/ Douglas E. Lumish*
                                                        Douglas E. Lumish
9                                                       Matthew Rawlinson
                                                        Jennifer Barry
10                                                      Arman Zahoory
                                                        of Latham & Watkins LLP
11
                                                        *Attorneys for Plaintiff & Counterdefendant*
12                                                      *Zoom Video Communications, Inc.*

13

14   Dated: September 9, 2021                    PAUL, WEISS, RIFKIND, WHARTON &
                                                 GARRISON LLP
15

16                                              By      */s/ Melinda Haag*
                                                        Brad Karp
17                                                      Melinda Haag
                                                        Walter F. Brown
18                                                      R. Rosie Vail

19                                                      *Attorneys for Defendant & Counterclaimant*
                                                        *RingCentral, Inc.*

20

21

22

23

24

25

26

27

28

PROPOSED PROTOCOL FOR
EXPEDITED SINGLE-ISSUE RESOLUTION
CASE NO. 5:21-cv-1727-EJD

1

## **ATTESTATION OF CONCURRENCE**

2       I, Douglas E. Lumish, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that each

3  of the signatories identified above has concurred in the filing of this document.  I declare under

4  penalty of perjury under the laws of the United States of America that the foregoing is true and

5  correct.

6

7      Dated:  September 9, 2021                    */s/ Douglas E. Lumish*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED PROTOCOL FOR
EXPEDITED SINGLE-ISSUE RESOLUTION
CASE NO. 5:21-cv-1727-EJD