**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| ZOOM VIDEO COMMUNICATIONS, INC., | No. 21-15792 |
|---|---|
| Plaintiff-counter-defendant-Appellee, | D.C. No. 5:21-cv-01727-EJD |
| v. | MEMORANDUM* |
| RINGCENTRAL, INC., | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted October 7, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and FRIEDLAND, Circuit Judges.

RingCentral, Inc. (RingCentral) appeals the district court's denial of a

preliminary injunction against Zoom Video Communications, Inc. (Zoom) arising

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

out of an agreement between the companies. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

We review the denial of a preliminary injunction for abuse of discretion. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A district court abuses its discretion when its decision is based on "an erroneous legal standard or clearly erroneous finding of fact." *Id.* (citations omitted). To obtain a preliminary injunction, the moving party must "make a showing on all four prongs" of the preliminary injunction test: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the requested relief; (3) a balance of hardships that tips in the movant's favor; and (4) a public interest in the issuance of an injunction. *Id.* at 1135. In our Circuit, where a party is unable to show a likelihood of success on the merits but can at least demonstrate that there are serious questions going to the merits, we may grant preliminary injunctive relief so long as the balance of hardships tips *sharply* in favor of the movant and there is a showing on the other two elements. *See id.*

The district court concluded "neither party ha[d] shown a likelihood of success on the merits[,] but only serious questions on the merits." Under California law, a contract is to be interpreted by looking at the "whole of [the] contract . . . so as to give effect to every part." Cal. Civ. Code § 1641. Both

2

parties offer plausible constructions of their agreement, interpreting it as a whole. The district court also indicated that it had not favored one party's interpretation over the other at least in part because the case presented "serious factual questions." The existing record suggests that the contractual provisions at issue may be, in fact, ambiguous, and that determining their correct construction may require extrinsic evidence. *See Dore v. Arnold Worldwide, Inc.*, 139 P.3d 56, 60 (Cal. 2006) ("An ambiguity arises when language is reasonably susceptible of more than one application to material facts.").

Given these circumstances, the district court was entitled to defer determination of this disputed question until further development of the record at trial. *See Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) ("In deciding a motion for a preliminary injunction, the district court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." (citations and internal quotation marks omitted)).

The district court also concluded that even if RingCentral had established it would suffer irreparable harm, a preliminary injunction would not be warranted because the balance of hardships did not sharply tip in RingCentral's favor. Given the record before it, the district court did not abuse its discretion in making this

determination. Nor did it abuse its discretion in concluding that the public interest was not implicated in a commercial dispute.

In sum, given our very deferential standard of review of preliminary injunction orders, we conclude that the district court did not abuse its discretion in denying the preliminary injunction motion and directing that the case proceed to trial. We need not—and do not—reach any other issue urged by the parties, nor do we express any view as to the merits of the disputed contractual issues.

**AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

**Office of the Clerk**
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1) A. Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ▶ A material point of fact or law was overlooked in the decision;
  - ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▸ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▸ The proceeding involves a question of exceptional importance; or
- ▸ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

## Attorneys Fees
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)** [ ]

**Case Name** [ ]

The Clerk is requested to award costs to (*party name(s)*):

[ ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [ ] **Date** [ ]

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) (*Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief*) | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | TOTAL: | $ |

*Example: Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10** Rev. 12/01/2018